UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
MARCIAL MUNOZ, individually and on behalf of all others similarly situated,

                             Plaintiff,

            -against-

PERUVIAN CHICKEN LLC d/b/a UNCLE PAULIE'S PERUVIAN CHICKEN and PAUL PADRO,

                            Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Marcial Munoz ("Munoz" or "Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendants Peruvian Chicken LLC d/b/a Uncle Paulie's Peruvian Chicken ("Uncle Paulie's") and Paul Padro ("Padro") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.*, and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Act pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1 (h), and N.J.S.A. 34:11-4.1(b).

7. Defendant Uncle Paulie's is a domestic limited liability company with its principal place of business located at 109A W. Pleasant Avenue, Maywood, New Jersey 07607.

8. Defendant Padro is an individual residing, upon information and belief, in the state of New Jersey.

9. At all relevant times Padro was, and still is, an owner, member, and/or person in control of Uncle Paulie's, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

10. Upon information and belief, Defendants failed to post a notice explaining the FLSA in a conspicuous location in the workplace so as to permit their employees to readily read it.

11. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

12. Defendants operate in interstate commerce.

13. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

14. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

15. The FLSA Collective Plaintiffs consist of no less than six (6) similarly situated current and former employees of Defendants, who work or worked in excess of forty (40) hours per workweek and are victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

16. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

17. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

18. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

19. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable

through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

20. Plaintiff was employed by Defendants as a chef from in or around August 2009 until on or around September 30, 2016, and also from on or around September 1, 2017 until on or around April 10, 2018.

21. As a chef, Plaintiff's principal job duties included preparing food for Uncle Paulie's patrons; performing prep-cook duties such as washing and chopping vegetables and breaking down and cutting meat; updating Padro when ingredients needed to be replenished; transporting ingredients from the pantry to the cooking area; and performing any other tasks as requested by Padro.

22. In or around August 2009, Padro and Plaintiff created Uncle Paulie's menu by selecting dishes from the menus of other Peruvian restaurants in the area.

23. Padro retained sole authority to determine the final menu items, the ingredients to be used in their preparation, and their method of preparation.

24. In or around September 2012, Padro and Plaintiff created Uncle Paulie's daily specials menu by selecting dishes from a recipe book furnished by Padro.

25. Padro retained sole authority to determine the final items on the daily specials menu, the ingredients to be used in their preparation, and their method of preparation.

26. Thereafter, Plaintiff was not involved in creating or designing menu items of any kind for Uncle Paulie's.

27. Plaintiff's principal job duties did not require the performance of work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor;

4

the performance of office or non-manual work directly related to the management or general business operations of Uncle Paulie's or Uncle Paulie's customers; or the exercise of discretion and independent judgment with respect to matters of significance.

28. Padro retained sole authority regarding the management and general business operations of Uncle Paulie's, and did not permit Plaintiff to exercise discretion and independent judgment with respect to matters of significance.

29. At no time did Plaintiff have the authority to hire, fire, or discipline employees, nor did he make suggestions or recommendations as to the hiring or firing of other employees.

30. Padro retained the sole authority to hire, fire, and discipline employees at Uncle Paulie's.

### **Plaintiff's Work Schedule and Rate of Pay**

31. Throughout his employment with Defendants, Plaintiff regularly worked Tuesdays through Sundays, from approximately 10:00 a.m. until 10:00 p.m., for a total of approximately seventy-two (72) hours per week.

32. At all relevant times, Plaintiff was compensated at a fixed weekly salary of approximately $950.00, a portion of which was paid by check with the remainder paid in cash, regardless of the number of hours that Plaintiff worked each week.

33. Plaintiff was not afforded meal or rest breaks during his employment with Defendants.

### **Defendants' Overtime Violations**

34. Plaintiff and the FLSA Collective Plaintiffs routinely worked in excess of forty (40) hours per week during their employment with Defendants.

35. However, Defendants failed to compensate Plaintiff and the FLSA Collective Plaintiffs at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per workweek.

36. Instead, Defendants compensated Plaintiff and the FLSA Collective Plaintiffs at fixed weekly salaries and failed to pay Plaintiff and the FLSA Collective Plaintiffs for work in excess of forty (40) hours per workweek.

37. Neither Plaintiff nor the FLSA Collective Plaintiffs supervised any employees, nor were they employed in executive, professional, administrative, or creative capacities.

38. As a result, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees under both the FLSA and the New Jersey Wage and Hour Law.

39. At all relevant times, Defendants maintained records with Plaintiff's and the FLSA Collective Plaintiffs' schedules and knew or should have known that Plaintiff and the FLSA Collective Plaintiffs were routinely working more than forty (40) hours per workweek.

40. Despite this knowledge, Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages for the hours that they worked in excess of forty (40) per workweek.

41. Defendants' refusal to pay Plaintiff and the FLSA Collective Plaintiffs all wages owed to them were and are intentional and willful violations of federal and state wage and hour laws.

42. Plaintiff and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

43. Plaintiff repeats and realleges all prior allegations set forth above.

44. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) per workweek.

45. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek during their employment with Defendants.

46. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) in a workweek.

47. Instead, Defendants compensated Plaintiff and the FLSA Collective Plaintiffs at fixed weekly salaries regardless of the number of hours that they worked each week, and failed to provide Plaintiff and the FLSA Collective Plaintiffs with overtime wages for all hours worked in excess of forty (40) per workweek.

48. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

49. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of all wages due to them ("liquidated damages").

50. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of Plaintiff and the FLSA

Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations under the New Jersey Wage and Hour Law)*

51. Plaintiff repeats and realleges all prior allegations set forth above.

52. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to overtime pay of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

53. Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment with Defendants.

54. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours per workweek.

55. Instead, Defendants compensated Plaintiff at a fixed weekly salary regardless of the number of hours that he worked each week, and failed to provide Plaintiff with overtime payments for all hours worked in excess of forty (40) hours per workweek.

56. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due to him, along with reasonable attorneys' fees, interest, and costs.

57. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

58. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

59. Plaintiff repeats and realleges all prior allegations.

60. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

61. Defendants also failed to pay Plaintiff all wages due to him, including overtime wages, not later than the regular payday for the pay period during which he last worked for Defendants, in violation of N.J.S.A. 34:11-4.3.

62. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due to him, including overtime wages, in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

63. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all wages due to Plaintiff;

    c) interest;

    d) costs and disbursements; and

    e) such other and further relief as is just and proper.


Dated: New York, New York
       May 4, 2018

                                          */s/ Adam Sackowitz*
                                          Adam Sackowitz
                                          Katz Melinger PLLC
                                          280 Madison Avenue, Suite 600
                                          New York, New York 10016
                                          (212) 460-0047
                                          ajsackowitz@katzmelinger.com
                                          *Attorneys for Plaintiff*